**No. 44409.**—Protests 906378–G (A), etc., of Max Landau & Co. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44410.**—Protests 891336–G, etc., of Anglo American Trading Corp. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44411.**—Protests 891325–G (B), etc., of Ampol, Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44412.**—Protests 882222–G, etc., of S. Holst-Knudsen (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44413.**—Protests 33714–K, etc., of J. S. Hoffman Co., Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44414.**—Protests 33045–K, etc., of Canada Packers, Ltd., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.